UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-00180-04 |
| | CIVIL ACTION NO. 19-0058 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUACY L. FRANCIS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Quacy L. Francis' ("Francis") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 197). Francis seeks to have his sentence vacated on the grounds of ineffective assistance of counsel and a sentencing error. Francis filed a Supplemental Memorandum in Support of his motion. See Record Document 243. The United States of America ("the Government") opposes the motion. See Record Document 244. Francis replied. See Record Document 245. For the reasons discussed herein, Francis' Motion is **DENIED.**

**BACKGROUND**

On January 8, 2014, Francis pleaded guilty before Judge Donald E. Walter ("Judge Walter") to Count One of the Indictment (Record Document 1) for Conspiracy to Distribute Crack Cocaine under 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 81, 83. On July 9, 2014, Judge Walter sentenced Francis to two-hundred sixty-four months imprisonment, followed by a supervised release period of eight years. See Record Documents 117, 118. This sentence was within the guideline range, which was two-hundred sixty-two to three-hundred twenty-seven months. See Record Document 119.

On March 30, 2015, Francis filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in which he alleged that his attorney had not appealed

his sentence as requested. See Record Document 132, 138. He later filed a Motion to Withdraw that Section 2255 motion, which the Court granted. See Record Documents 151, 152. On December 30, 2016, the United States Court of Appeals for the Fifth Circuit affirmed Francis' conviction and sentence. See Record Document 150. The United States Supreme Court denied Francis' petition for *writ of certiorari* on January 16, 2018. See Record Document 160. On May 3, 2018, this case was reassigned to the undersigned. See Record Document 162.

On January 16, 2019, Christopher Hatch ("Hatch") filed a motion to enroll, a motion to file a supplemental motion and memorandum, and a motion to stay, all of which the Court granted. See Record Documents 196, 198, 199. He also filed the instant Section 2255 Motion on behalf of the defendant. See Record Document 197. Hatch filed other motions for stay as well as motions to file supplemental motions and memorandum, which the Court granted. See Record Documents 201-206, 211, 212. In granting one of the motions to stay, the Court stayed the matter until Hatch notified the Court of the disposition in United States v. Havis, 927 F.3d 382 (6th Cir. 2019) and filed a supplemental memorandum. See Record Document 212.

On February 28, 2022, Francis filed a letter stating that his family was to hire another attorney. See Record Document 234. On August 24, 2022, the Court issued an Order providing that it had stayed the matter per the request of Francis' counsel but was notified that Hatch was no longer admitted to practice in the Western District of Louisiana and was "unenrolled from his representation of Francis." Record Document 238. The Court ordered that new counsel was to enroll within 60 days of the order or Francis was

to "notify the Court of his intention to proceed on a *pro se* basis and represent himself." Id.

The motion for J. Ransdell Keene ("Keene") to enroll as Francis' counsel was granted on October 21, 2022. See Record Documents 240, 241. On April 5, 2023, Keene filed a Supplemental Memorandum on Francis' behalf. See Record Document 243.

In his Section 2255 motion, Francis asserts that his counsel at the time of his guilty plea was ineffective because he "affirmatively misrepresented the sentence that [he] would receive, and did not advise [him] that his prior convictions could be used to sentence him as a 'Career Offender' under the Sentencing Guidelines." Record Document 197 at 5. In his Supplemental Memorandum, Francis further argues that Havis, a Sixth Circuit case, is pervasive in that the Sentencing Commission does not have the authority to make rules of enforcement like including an "attempt" crime as an offense that counts toward a Career Offender enhancement in its administrative application notes. Record Document 243 at 1-2. He also states that his sentencing defense counsel did not grasp the Sentencing Guidelines or diminished their importance to an unknowing defendant, making his ineffectiveness clear. See id. at 2

In its opposition, the Government asserts that Francis has not presented any evidence to support his allegations regarding his guilty plea. See Record Document 244 at 10. It states that Francis' allegations are contrary to the statements he made under oath during his guilty plea hearing and the plea agreement he signed. See id. As to his career offender designation, the Government argues that it is well established that the "technical application" of the sentencing guidelines may not be raised in a Section 2255 proceeding. See id. at 13 (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.

1992)). The Government states that United States v. Vargas, 35 F.4th 936 (5th Cir. 2022) and Havis had not been decided at the time of Francis' sentencing, and his attorney cannot be considered ineffective for failing to raise the issue. Id. at 15. The Government also notes that his attorney did object to the Presentence Investigation Report ("PSR") designation of Francis as a career offender. See id. at 16.

In reply, Francis states that based on the limited statements of "plea counsel" and the District Court at the sentencing hearing, and the lack of any specific objections to the PSR, it is clear that "plea counsel" was ineffective. See Record Document 245 at 1. Additionally, he argues that since the original Vargas decision stated that the U.S. Sentencing Commission violated its statutory mandate by including inchoate offenses within the definition of a controlled substance offense, defendants like Francis cannot obtain a remedy. See id. at 2. He requests that the Court provide habeas relief. See id.

## LAW AND ANALYSIS

I. **Legal Standards**

  A. **Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255.**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after

conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164–65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raise on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the

possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

Even if a defendant cannot establish cause and prejudice, a defendant may still be entitled to relief under 28 U.S.C. § 2255 if the error of a constitutional nature would result in a complete miscarriage of justice. Id. at 232; United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). To show a complete miscarriage of justice, a defendant must establish that he is factually innocent. See Flores, 981 F.2d at 236. Even in a case involving a guilty plea, to establish actual innocence, a defendant must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623–24 (1998) (citations omitted).

### B. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring these ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Bryant v. Scott, 28 F.2d 1411, 1414–15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415. If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. See Tucker v. Johnson, 115 F.3d 276, 281 (5th Cir. 1997).

II. Analysis

    a. <u>Guilty Plea & Sentencing</u>

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" <u>United States v. Reed</u>, 719 F.3d 369, 373 (5th Cir. 2013) (quoting <u>Padilla v. Kentucky</u>, 559 U.S. 356, 373 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" <u>Id.</u> (quoting <u>United States v. Rivas-Lopez</u>, 678 F.3d 353, 356-57 (5th Cir. 2012)). Ordinarily, a defendant "will not be heard to refute [his] testimony given at a plea hearing while under oath." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing <u>United States v. Fuller</u>, 769 F.2d 1095, 1099 (5th Cir. 1985)).[1]

Francis asserts that this case presents a "unique set of circumstances" that distinguish it from cases where claims regarding counsel's "predictions" have been rejected. Record Document 197 at 3. He states that his counsel's affirmative misrepresentations constituted ineffective assistance of counsel, and that he suffered prejudice as a result. Specifically, Francis states that he shows that he would not have

---

[1] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." <u>Cervantes</u>, 132 F.3d at 1110 (citing <u>Harmason v. Smith</u>, 888 F.2d 1527, 1529 (5th Cir. 1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. <u>See id.</u> When the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," however, the Court may dispense with his allegations without an evidentiary hearing. <u>See id.</u> Here, Francis has not provided evidence of specifically where and when counsel made the promise or misrepresentation that allegedly caused him to plead guilty or identified any eyewitness to the promise. Nor has he provided any independent indicia of the merit of the allegations of an alleged promise. The exception therefore does not apply.

Page **8** of **12**

pled guilty, and would have proceeded to trial, had he known that the sentence for pleading guilty would be as severe as it was, and that it was nearly as severe as the penalty that would have obtained upon a conviction after trial. See id.

Francis was advised both through the plea agreement and by the Court that by pleading guilty, he was subjecting himself to the maximum punishment for the count to which he plead guilty. See Record Document 83 at 2; Record Document 124 at 8-9. He was also advised through the plea documents and during his guilty plea hearing that his sentence would be imposed after the Court's consideration of the sentencing guidelines, and that "the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be the basis for setting aside the guilty plea" and he stated in open court that he understood that Judge Walter would use the sentencing guidelines to give him a "just sentence." Record Document 83 at 4; Record Document 124 at 11-12. Further, the plea agreement stated that he understood and agreed that "he has discussed the Sentencing Guidelines and their applicability with his counsel." Record Document 83 at 4. Francis also stated, under oath in open court, that he was satisfied with his counsel and that no promises had been made to him. See Record Document 124 at 5, 10-11.

"Solemn declarations in open court carry a strong presumption of verity." United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986); see also Davis v. Butler, 825 F.2d 892 (5th Cir. 1987). The record before the Court reflects that defendant denied any promises had been made to him and that he did not inform the Court at his sentencing that there were any misrepresentations made by his counsel that led to him pleading guilty. Accordingly, regardless of what his counsel told him about his sentencing exposure, Francis cannot show prejudice under Strickland because his responses under

oath to the Court's questioning show that he was clearly informed about and understood his sentencing exposure when he pled guilty. He is therefore not entitled to Section 2255 relief on this claim, and it is denied.[2]

### b. Career Offender Enhancement

A Presentence Investigation Report ("PSR") was issued on March 7, 2012. See Record Document 126. Because of the career offender designation, Francis' base offense level became 37. See id. at 5. After a three-level reduction for acceptance of responsibility, the total offense level was 34. See id. Francis had 12 criminal history points; however, because of the career offender designation, his criminal history category was VI. See id. at 9. With an offense level of 34 and a criminal history category of VI, the Guidelines imprisonment range was 262 to 327 months. See id. at 12. Francis made five objections to the PSR, one of which was to the career offender designation. See id. at 17-18. Based on these calculations, as stated above, he was sentenced to two-hundred sixty-four months imprisonment, followed by a supervised release period of eight years. See Record Documents 117, 118.

Under Havis, a Sixth Circuit case, Francis argues that U.S.S.G. § 4B1.2 does not include an "attempt" crime as an offense to be considered toward career offender status, although the administrative application notes do, and the Sentencing Commission does not have the authority to make such rules of enforcement. See Record Document 243 at 1; 927 F.3d 382. Therefore, the "Attempted Armed Robbery" offense under Paragraph 31 of the PSR should not have been used to enhance his sentence. Id. at 2. He also states

---

[2] See United States v. Collins, Nos. 06-cr-43, 08-cv-606, 2009 WL 910842 at *6 (S.D. Miss. Apr. 1, 2009) (finding the movant failed to establish prejudice for counsel's failure to warn him about potential enhancements under the sentencing guidelines where the Court properly advised movant of statutory maximum term of imprisonment).

that the Fifth Circuit considered the "exact same issue" but then vacated its opinion and ordered a rehearing *en banc*. See id. at 1-2 (citing Vargas, 35 F.4th 936). He asserts that under the original Vargas opinion, the Sentencing Commission violated its statutory mandate in including inchoate offenses within the definition of a controlled substance offense. See Record Document 245 at 2. Since the filing of Francis' supplemental memorandum, that *en banc* decision was rendered. See United States v. Vargas, 74 F.4th 673 (5th Cir. 2023). The Government argues that this claim is not cognizable. See Record Document 244 at 12.

The courts have established that appeals to sentencing errors may not be raised in a Section 2255 motion because these types of issues are only to be brought on direct appeals. See Vaughn, 955 F.2d 36, 368 (5th Cir. 1992); see also United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994) ("We reasoned that such questions are capable of being raised on direct appeal and further, do not implicate any constitutional issues."); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (finding that a determination of "whether to sentence as a career offender" under the guidelines does not implicate any constitutional issues). In addition, "a misapplication of an advisory guidelines range, including a Havis error, does not present a 'cognizable' claim under § 2255." United States v. McCall, 56 F.4th 1048, 1057 (6th Cir. 2022) (citing Bullard v. United States, 937 F.3d 654. 661 (6th Cir. 2019)).

The Court agrees with the Government and finds that Francis' argument on sentencing guidelines is meritless because it is not an issue that may be raised in a Section 2255 motion. Accordingly, the Court also denies Francis' motion on this basis.

## CONCLUSION

Francis is unable to demonstrate both necessary elements of the <u>Strickland</u> test for establishing an ineffective assistance of counsel claim on any of his arguments. Additionally, his claim regarding any sentencing error is not cognizable. Therefore, Francis' Section 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to overcome the procedural bar for raising a constitutional or jurisdictional issue for the first time on collateral review.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of August, 2024.

_____
S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT